UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HECTOR DE LA RIVA and ROSS PERLMUTTER, | ) | |
| | ) | |
| Plaintiffs, | ) | 10 C 8206 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| HOULIHAN SMITH & COMPANY, INC., RICHARD | ) | |
| HOULIHAN, ANDREW D. SMITH, and CHARLES | ) | |
| BOTCHWAY, | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

At one point, this wage-and-hour case had individual claims by six plaintiffs under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and claims on behalf of a putative

class under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* Doc. 12. After

four plaintiffs voluntarily dismissed their claims, the court remanded the IMWL claims to state

court. Docs. 73-74, reported at 848 F. Supp. 2d 887 (N.D. Ill. 2012). What remained of the case

after the remand, and what remains to this date, are individual FLSA claims by two plaintiffs,

Hector De La Riva and Ross Perlmutter ("Plaintiffs"). Plaintiffs and two of the individual

defendants, Richard Houlihan and Charles Botchway ("Defendants"), have entered into, and the

court has approved, a consent decree requiring Defendants to pay Plaintiffs $23,333.42 in FLSA

damages plus Defendants' pro rata share of Plaintiffs' reasonable attorney fees and costs. Doc.

143. When the parties could not reach an agreement as to fees and costs, Plaintiffs moved for

$342,375.34 in attorney fees under 29 U.S.C. § 216(b) and $8,000 in costs under Federal Rule of

Civil Procedure 54(d). Doc. 153. Defendants concede that Plaintiffs are the prevailing parties

and do not oppose the requested $8,000 cost award, Doc. 157 at 1 n.1, but they argue that

Plaintiffs are entitled to only between $120,000 and $150,000 in fees. *Id*. at 17 ("In light of all

of the foregoing the Defendants believe that a fee award between $120,000 and $150,000 will

fully and adequately compensate counsel for work reasonably performed and the result

achieved."). For the following reasons, Plaintiffs are awarded $8,000 in costs and $129,141 in

attorney fees, for a total award of $137,141.

**Discussion**

A district court must award reasonable attorney fees and costs to the prevailing plaintiff

in a FLSA case, including a plaintiff who favorably settles his claims. *See* 29 U.S.C. § 216(b);

*Small v. Richard Wolf Med. Instruments Corp.,* 264 F.3d 702, 707 (7th Cir. 2001) ("Prevailing

plaintiffs, which may include plaintiffs who favorably settle their cases, are entitled to reasonable

attorney's fees under the FLSA."). To calculate an appropriate fee award, the court begins with

"a calculation of the 'lodestar'—the hours reasonably expended multiplied by the reasonable

hourly rate," and then may make adjustments based on the factors set forth in *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983). *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012).

**A.      Calculating the Lodestar**

**1.      Hours Reasonably Expended**

The procedural history of this case bears greatly on the amount of attorney time for which

Plaintiffs should be compensated. This suit was filed in state court and asserted individual

claims under the FLSA and putative class claims under the IMWL. Doc. 1 at 6-20. The case

was removed to federal court. Doc. 1. The removal was proper, with 28 U.S.C. § 1441

providing federal question jurisdiction over the FLSA claims and 28 U.S.C. § 1367(a) providing

supplemental jurisdiction over the IMWL claims. *See Ervin v. OS Rest. Servs., Inc.,* 632 F.3d

971, 979 (7th Cir. 2011). By February 9, 2012, all plaintiffs other than De La Riva and

Perlmutter had voluntarily dismissed their claims, and De La Riva had relinquished his bid to be a class representative for the putative IMWL class, leaving Perlmutter as the sole putative class representative. Docs. 44, 55, 66. Because the size of the putative IMWL class (244) greatly exceeded the number of individual FLSA plaintiffs, because no FLSA collective action had been sought, and because there was an unresolved and difficult state law question regarding when individual defendants could be liable under the IMWL, the court ask the parties to brief whether the IMWL claims should be remanded to state court under 28 U.S.C. § 1367(c). Doc. 66. Although they filed this case in state court, Plaintiffs *opposed* remand of the IMWL claims, Doc. 67, while Botchway supported remand, Doc. 68. As noted above, the court remanded the IMWL claims to state court. A settlement then was reached and memorialized in a consent decree, under which De La Riva was awarded wages in the amount of $3,591.25 and liquidated damages in the same amount, and Perlmutter was awarded wages in the amount of $8,019.96 and liquidated damages in the same amount, for a total FLSA award of $23,222.42. Doc. 143 at 3. The consent decree also provided that "[i]f the parties are unable to agree, they shall seek a determination of reasonable attorney fees and costs from the Court pursuant to FRCP, Rule 54 and the Local Rule 54.3 of the Northern District of Illinois." *Id*. at 4. After the parties engaged in the Local Rule 54.3 process and could not agree on a reasonable fee award, Plaintiffs filed the present motion.

The principal issue here is whether Plaintiffs should be compensated for the time their attorneys spent pursuing the IMWL claims in federal court. Plaintiffs argue that because "Defendants' removal of the complaint from state court required Plaintiffs to perform all of the work on the related claims in this Court," Doc. 154 at 13, Plaintiffs should be entitled to compensation for most or all of the attorney time devoted to the IMWL claims in federal court.

The court rejects this argument and, with limited exceptions noted below, will award fees only for the time expended on the FLSA claims.

Plaintiffs contend they are entitled to attorney fees for litigating the IMWL claims in federal court because those claims and the FLSA claims rest on a common factual core. *See Moriarty v. Svec*, 233 F.3d 955, 964 (7th Cir. 2000) ("where a party presents multiple claims for relief based on a common core of facts or related legal theories, no legal bar exists against awarding attorney's fees for time spent on rejected claims"). It is true that the IMWL and FLSA claims arise from the same core of facts. However, Plaintiffs' efforts in federal court on the IMWL claims were devoted largely to class certification issues, which were irrelevant to the FLSA claims given that Plaintiffs did not seek to certify a FLSA collective action. *Cf. Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013) (while recognizing that there is a "difference between a collective action [under the FLSA] and a class action [under Rule 23]", holding that "there isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards"). There is no basis in the record to conclude that Plaintiffs' counsel's work on IMWL class certification issues benefitted the FLSA individual claims.

Moreover, as far as the record indicates, the IMWL claims remain pending in state court. Doc. 154 at 13 ("Following remand of the IMWL claim to state court, the class action remains viable against HSC [Houlihan Smith & Company, Inc.].", 18 n.4 ("As of [the filing of] this [fee] petition, the motion for class action is stayed in state court pending briefing on plaintiff's motion to amend the complaint following dismissal of the IMWL individual defendants."); Doc. 160 at 9 (noting that the "IMWL class action … continues in state court"). Thus, although this court might have the discretion to award fees for litigating the IMWL claims in federal court, it would

be far more appropriate to allow the state court—the court that ultimately will resolve those claims on the merits—to determine whether Plaintiffs are entitled to such fees and, if so, how much. If Plaintiffs prevail on the IMWL claims in state court, nothing this court has said or done should prejudice any attempt to recover for all of the attorney time devoted to their IMWL claims, including time spent in federal court. *See* 820 ILCS 105/12(a) ("[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of [the IMWL], the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court").

So, for purposes of the fee award in federal court, Plaintiffs will be deemed to have prevailed on the FLSA claims but not the IMWL claims. Where "a plaintiff prevails on only some of his interrelated claims, … the 'district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010) (quoting *Hensley*, 461 U.S. at 436-37).

Plaintiffs seek to recover for a total of 402.41 hours for lead attorney Jac Cotiguala, a total of 294.25 hours for attorney Cotiguala's associate, Brian Massatt, and a total of 144.5 hours for a paralegal. Doc. 154 at 11. There were essentially two phases to the federal litigation: the period before the remand of the IMWL claims, and the period after the remand. Plaintiffs' time sheets show that Cotiguala expended 315.83 hours, Massatt 144.75 hours, and the paralegal 43.25 hours before the remand, which took place on March 2, 2012. Doc. 154-1 at 56-65, 71-75, 80. Subtracting those hours from the total hours sought, this means that Plaintiffs are seeking recovery for 86.58 hours expended by Cotiguala after the remand, 149.5 hours expended by Massatt after the remand, and 101.25 hours expended by the paralegal after the remand.

Considering the pre-remand hours first, the court notes that Cotiguala billed 6 hours on February 28 and 29, 2012, and that Massatt billed 20.75 hours between February 13, 2012, and February 29, 2012, in connection with the briefing the court requested on whether the IMWL claims should be remanded to state court. Doc. 154-1 at 31-32, 65, 75. Plaintiffs will be given credit for those hours because the court requested the briefing.

With respect to the remaining pre-remand time—309.83 hours for Cotiguala, 124 hours for Massatt, and 43.25 hours for the paralegal—nearly all of the time entries related solely to IMWL class certification issues or the underlying IMWL claims or were "block-billed" or non-specific, making it impossible to tell how much of that time was spent on the IMWL claims and how much on the FLSA claims. The court would be within its discretion to strike these hours in their entirety. *See Rexam Beverage Can Co. v. Bolger,* 620 F.3d 718, 738–39 (7th Cir. 2010); *Lahiri v. Universal Music & Video Distrib. Corp.,* 606 F.3d 1216, 1222–23 (9th Cir. 2010); *Trs. of Chi. Reg'l Council of Carpenters Pension Fund v. R.C.I. Enters., Inc.*, 2011 WL 2893005, at *2 (N.D. Ill. July 20, 2011). However, because some time undoubtedly was spent on the FLSA claims, the court will reduce the hours on a percentage basis. *See Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("when a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage").

Having reviewed the time entries, and having presided over this litigation from the outset, the court finds that it would be appropriate to award Plaintiffs 20% of the pre-remand time. This is so for two reasons. First, as noted above, a significant proportion of the time was expended on class certification issues for the IMWL claims. If Plaintiffs are to be compensated for that

attorney time, that compensation should be awarded in state court. Second, the time spent jointly

on the IMWL and FLSA claims benefited the IMWL claims far more than the FLSA claims

because the IMWL claims, being putative class claims, had a far greater potential recovery.

Indeed, on April 20, 2011, before the IMWL claims were remanded, Plaintiffs' settlement

demand was $839,406.11 plus 2% per month ($11,772,07) on a going-forward bases. Doc. 154-

1 at 237-238. Of that amount, no more than $40,000 or $50,000 could possibly have been

attributable to the FLSA claims—there were six FLSA plaintiffs at the time; De La Riva and

Perlmutter eventually recovered $23,333.42; and each of the remaining plaintiffs released their

claims for between $1,000 and $2,200. Doc. 154 at 16.

Moving on to the post-remand hours, the court finds that all were reasonably expended

on the FLSA claims, except for the hours that Plaintiffs' counsel continued to devote to the

IMWL claims or hours that were block-billed with tasks devoted to the IMWL claims. Thus, of

the 86.58 post-remand hours sought for Cotiguala, 14.5 hours spent from March 2–15, 2012, will

be disallowed, Doc. 154-1 at 65; of the 149.5 post-remand hours sought for Massatt, 1.25 hours

billed on October 23, 2012, will be disallowed, *id*. at 78; and of the 101.25 post-remand hours

sought for the paralegal, 21.25 hours from March 7–14, 2012, will be disallowed, *id*. at 80-81.

To summarize, the hours reasonably expended on the FLSA claims are calculated as

follows:

Attorney Cotiguala:

| | |
|---|---|
| Pre-remand hours sought: | 315.83 |
| Hours allowed for remand brief: | 6 |
| Remaining hours allowed: | 309.83 * .20 = 61.97 |
| Pre-remand hours allowed: | 67.97 |
| | |
| Post-remand hours sought: | 86.58 |
| Post-remand hours allowed: | 86.58 – 14.5 = 72.08 |

Total hours allowed:                    140.05

Attorney Massatt:

Pre-remand hours sought:             144.75
Hours allowed for remand brief:      20.75
Remaining hours allowed:             124 * .20 = 24.8
Pre-remand hours allowed:            45.55

Post-remand hours sought:            149.5
Post-remand hours allowed:           149.5 – 1.25 = 148.25

Total hours allowed:                    193.8

Paralegal:

Pre-remand hours sought:             43.25
Pre-remand hours allowed:            43.25 * .20 = 8.65

Post-remand hours sought:            101.25
Post-remand hours allowed:           101.25 – 21.25 = 80

Total hours allowed:                    88.65

### 2.      Reasonable Hourly Rates

Plaintiffs request an hourly rate of $550 for Cotiguala, $350 for Massatt, and $150 for the paralegal. Doc. 154 at 9. Defendants propose an hourly rate of $400 for Cotiguala, $300 for Massatt, and zero for the paralegal. Doc. 157-8 at 3. In determining an appropriate market rate, the court must rely not only on "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work," but also on "evidence of fee awards the attorney has received in similar cases." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). The rate will reflect an appropriate rate for the litigation of FLSA individual claims because fees are not being awarded for the IMWL claims.

Plaintiffs submit affidavits from three employment lawyers to support their proposed rates. Doc. 154-1 at 85-91. The court accepts the background facts set forth in the affidavits— that Cotiguala has been practicing for over thirty years and is very experienced in employment

law, *id*. at 86, 88, and that Massatt was admitted to practice in 2008, *id*. at 85; *see also*

http://www.iardc.org/ldetail.asp?id=322839360.  However, as Defendants argue, because the

affidavits do not distinguish between the market rate for attorneys litigating individual FLSA

claims and the market rate for litigating more complex wage-and-hour work, such as class

actions or collective actions, they are not "satisfactory evidence … that the requested rates are in

line with those prevailing in the community."  *Pickett*, 664 F.3d at 640 (internal quotation marks

omitted); *see also Johnson*, 668 F.3d at 933 ("Northern District of Illinois judges have said that

FLSA cases are less complex than Title VII cases and we've mentioned this observation too.");

*Small*, 264 F.3d at 708 ("Issues under the FLSA are not unusually complicated or beyond the

capability of an attorney of average ability."); *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544,

555 n.6 (7th Cir. 1999) ("Many of the cases for which Rossiello was awarded these rates

involved Title VII claims or some combination of FLSA claims and Title VII claims.  Our

review of Spegon's initial fee request indicates that he was awarded no more than $280 per hour

in any pure FLSA overtime case.  Hourly rates awarded in non-FLSA overtime cases are not

particularly relevant as evidence of Rossiello's market rate in this case because the reasonable

hourly rate is capped at the prevailing market rate for attorneys engaged in FLSA work.").

　　　　More probative of market rates are the fees awarded to Cotiguala and Massatt in similar

cases.  Doc. 154 at 10.  Taking into account the relative simplicity of the individual FLSA claims

in this case, and considering Cotiguala's many years of experience in this field, the court finds

that an hourly rate of $450 is reasonable and supported by Cotiguala's past awards in similar

cases.  *See Lozdoski v. City of Chicago*, No. 09 C 658 (N.D. Ill. Jan. 24, 2013) (reproduced at

Doc. 154-1 at 92) (in a case where Cotiguala achieved a settlement for three individual plaintiffs

in a FLSA case that initially was a collective action (*see* Docs. 157-6 and 157-7), and where

Cotiguala sought a $550 hourly rate (*see* Doc. 157-4), holding: "My own experience with these fee matters tells me that counsel have selected the high end of the reasonable range and the nature of this case does not warrant that high end. I believe an hourly rate of $450.00 per hour is proper for Jac Cotiguala …."); *Prange v. Borders Inc.*, No. 05 C 2194 (N.D. Ill. Oct. 23, 2007) (awarding Cotiguala $450 per hour for work completed between 2005 and 2007 in a single-plaintiff FLSA case); *cf. Chavez v. Don Stoltzner Mason Contractor Inc.*, No. 10 C 264 (N.D. Ill. July 9, 2012) (reproduced at Doc. 157-5) (awarding Cotiguala an *uncontested* $550 per hour in a successful class settlement for both FLSA and IMWL claims). As for Massatt, given his fee awards in past cases, his relative inexperience, and the lack of any documentation regarding his expertise in this area, the court finds that a $300 hourly rate is appropriate. *See Lozdoski*, *supra* (reproduced at Doc. 154-1 at 92) (where Massatt sought a $350 hourly rate, holding that "$275 per hour is proper").

As for the $150 hourly rate proposed for the paralegal, Plaintiffs provide no information about the experience or education level of the paralegal who performed the work, and yet they request a rate exceeding the typical paralegal rate in this District. *See Blackwell v. Kalinowski*, 2012 WL 469962, at *9 (N.D. Ill. Feb. 13, 2012) (surveying cases in this District and finding that paralegal hourly rates vary between $75 and $125 depending on education, certification, and experience, and that $100 is typical). In support, Plaintiffs provide only two affidavits suggesting that $125 would be the going rate for paralegals in this District. Doc. 154-1 at 86, 88. Those affidavits are entirely generic and thus are of little assistance here. Without persuasive evidence of the market rate for the paralegal used in this case, the court is left to make its own determination. *See Johnson*, 668 F.3d at 933 ("It is the fee applicant's burden to establish his or her market rate; if the applicant fails, the district court may make its own rate determination.");

*Pickett*, 664 F.3d at 640 (same). The court will thus set the paralegal's hourly rate at $90, as the court has no information from which to conclude that the paralegal who performed this work is entitled to any more based on experience, education, or certification.

Accordingly, the lodestar is calculated as follows:

| Attorney | Hours awarded | Adjusted rate | Total |
|----------|---------------|---------------|-------|
| Cotiguala | 140.05 | $450 | $63,022.50 |
| Massatt | 193.8 | $300 | $58,140.00 |
| Paralegal | 88.65 | $90 | $7,978.50 |
| **Total** | | | $129,141.00 |

Because a lodestar of $129.141.00 falls well within the $120,000–$150,000 range that Defendants urge the court to adopt, there is no need to reach Defendants' other arguments for reducing Plaintiffs' attorney hours. Settled law holds that "[a]n award of the originally calculated lodestar amount is presumptively reasonable, and it is the [opposing party's] burden to convince us that a lower rate is *required*." *Robinson v. City of Harvey*, 489 F.3d 864, 872 (7th Cir. 2007) (citation omitted). True, this principle was articulated in the context of deciding whether the *Hensley* factors should be used to adjust the lodestar. But the principle applies with equal force in deciding whether to reduce the lodestar below what the non-prevailing party has stated is an appropriate fee award, for the opposing party in those circumstances could not possibly show that such a reduction is required. The lodestar therefore is $129,141.00.

B.      Adjusting the Lodestar

In an ordinary case, the court would proceed to determine whether the lodestar should be adjusted based on the factors set forth in *Hensley*: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3. Again, however, because the lodestar falls near the low end of the $120,000-$150,000 range that Defendants advocated for a fee award, there is no need to reach the *Hensley* factors. *See Robinson*, 489 F.3d at 872. In any event, because many of the significant factors—the time and labor required, the novelty and difficulty of the questions, the skill required, the experience and ability of the attorneys, awards in similar cases, and Plaintiffs' limited success—were already accounted for in determining the lodestar, it would be inappropriate to use those factors a second time to make additional reductions under *Hensley*. *See Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 647 (7th Cir. 1995) ("The Supreme Court noted in *Hensley* that many of the twelve factors considered when contemplating the award of attorneys' fees usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate, and thus should not be considered a second time when modifying the lodestar amount.") (internal quotation marks omitted).

**Conclusion**

For the foregoing reasons, Plaintiffs are awarded $8,000 in costs and $129,141 in attorney fees, for a total award of $137,141. As noted above, this ruling is without prejudice to Plaintiffs seeking in the state court IMWL case to recover fees for all attorney time spent litigating the IMWL claims, including the time spent while those claims were pending in federal court.

September 24, 2013

_____
United States District Judge