UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HECTOR DE LA RIVA and ROSS PERLMUTTER, | ) | |
| | ) | |
| Plaintiffs, | ) | 10 C 8206 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| HOULIHAN SMITH & COMPANY, INC., RICHARD HOULIHAN, ANDREW D. SMITH, and CHARLES BOTCHWAY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

At the conclusion of what turned out to be a two-plaintiff case presenting individual claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the court awarded Plaintiffs $8,000.00 in costs under Federal Rule of Civil Procedure 54(d) and $129,141.00 in attorney fees under 29 U.S.C. § 216(b); Plaintiffs themselves received less than $50,000 in settlements. Docs. 165-166 (reported at 2013 WL 5348323 (Sept. 24, 2013)). Plaintiffs seek reconsideration of the FLSA attorney fee award. Doc. 168. Familiarity with the court's prior opinion is presumed. The motion for reconsideration is denied.

Plaintiffs contend that the court erred in allowing them to recover only 20 percent of their attorneys' pre-remand hours. Doc. 168 at 5-7. The court adheres to its prior opinion and incorporates by reference the explanation set forth therein. 2013 WL 5348323, at *1-4. Only the following points bear mention here. As the prior opinion emphasized, Plaintiffs were free in conjunction with their litigation in state court of the remanded Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, claim to seek recovery of fees for *all* attorney time spent litigating that claim, including the time spent while that claim was pending in federal court.

1

Thus, although Plaintiffs argue that "it is a fool's errand to request a state court to award attorney fees for work expended on federal class certification [of the IMWL claim] in federal court where that issue had to be re-briefed following remand under state procedural rules," Doc. 168 at 6, this court invited Plaintiffs to do just that, with the understanding that the fact of this court's invitation would be conveyed to the state court. That was entirely appropriate, as fees on the IMWL claim should be awarded in the IMWL case by the court bringing that case to its conclusion. If *this* court had awarded fees on the IMWL class claim, it would have done so without knowing whether class certification would be granted or even whether the IMWL claim itself would succeed. (After the IMWL claim was remanded, the state court dismissed with prejudice the individual defendants. *Perlmutter v. Houlihan Smith & Co.*, No. 10 CH 50204 (Cir. Ct. Cook Cnty. Dec. 14, 2012) (reproduced at Doc. 174-1 at 2-11).) Plaintiffs do not and could not explain how that would have been proper.

    In any event, it should not have been too difficult for Plaintiffs to retrofit for re-filing in state court the IMWL class certification motion they previously filed under Rule 23 in federal court. Illinois courts routinely rely on federal Rule 23 cases in deciding class certification motions under the state analog, 735 ILCS 5/2-801. *See Smith v. Ill. Cent. R.R. Co.*, 860 N.E.2d 332, 336-37 (Ill. 2006) (noting that "our section 2-801 is patterned after Rule 23 of the Federal Rules of Civil Procedure" and citing federal Rule 23 case law in analyzing the class certification issue); *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 819 (Ill. 2005) ("Class certification is governed by section 2-801 of the Code of Civil Procedure, which is patterned after Rule 23 of the Federal Rules of Civil Procedure. Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to

questions of class certification in Illinois.") (citations omitted). The state court undoubtedly will be aware of this in the event it awards Plaintiffs attorney fees for the IMWL claim.

Plaintiffs also challenge the $450 hourly rate awarded for Attorney Cotiguala's time on the individual FLSA claims. Doc. 168 at 1-4. As the court's prior opinion noted, Cotiguala was awarded that very rate in two other individual FLSA cases; those case were decided by District Judges Zagel and Gettleman. 2013 WL 5348323, at *5. The court acknowledged that Cotiguala had been awarded $550 per hour by a magistrate judge in a third case, but noted that the $550 hourly rate there had been "uncontested" and also that the case had been a class action. *Ibid*. Having again reviewed the relevant materials, the court adheres to its conclusion that a $450 hourly rate is appropriate for Cotiguala's work in this case on the individual FLSA claims. *See Iroanyah v. Bank of Am.*, 753 F.3d 686, 694 (7th Cir. 2014) (approving a comparable reduction in an attorney's requested hourly rate based on comparable considerations).

Plaintiffs contend that this court's reference to the $550 hourly rate in the other case being "uncontested" runs afoul of *Johnson v. GDF, Inc.*, 668 F.3d 927 (7th Cir. 2012), which held that it was "an abuse of discretion for the district court to set [Attorney] Rossiello's rate by considering only cases where his fees were challenged." *Id*. at 934. Plaintiff's contention fails. This court *did* consider the case in which the $550 hourly rate was awarded, and simply determined that the two other cases were more probative of the market rate for lawyers of Cotiguala's experience in individual FLSA cases. This is so not only because the $550 rate in the other case was uncontested, but also because that rate was awarded in a class case—which requires a higher level of expertise—while the $450 rate was awarded in individual FLSA cases. Courts have recognized that class wage-and-hour cases, which are more complex and require greater skill to litigate, may warrant higher hourly rates than individual wage-and-hour cases.

*See Fujiwara v. Sushi Yasuda Ltd.*, __ F. Supp. 3d __, 2014 WL 5840700, at *7 (S.D.N.Y. Nov. 12, 2014) ("A request for class certification adds complexity to a wage and hour case."); *Edelen v. Am. Residential Servs., LLC*, 2013 WL 3816986, at *14 (D. Md. July 22, 2013) ("Class counsel's proposed lodestar figure is reasonable considering the complexity of the [FLSA] case, particularly the intricacies associated with class and collective action practice."); *Clark v. Gotham Lasik, PLLC*, 2013 WL 4437220, at *7 (S.D.N.Y. Aug. 20, 2013) ("While plaintiff's counsel cite decisions to support Ms. Konidaris' hourly rate, the cases they allude to are either class actions (which are more complex) or have been litigated by attorneys from much larger firms."); *cf. Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (in a three-plaintiff FLSA case, stating: "Issues under the FLSA are not unusually complicated or beyond the capability of an attorney of average ability.") (internal quotation marks omitted). Based on its experience presiding over both kinds of cases, this court agrees that litigating wage-and-hour cases on behalf of an IMWL class or a FLSA collective requires far more skill and sophistication than litigating individual wage-and-hour cases. That is particularly true in this case, where the issues presented by Plaintiffs' IMWL class certification motion (Docs. 42, 57, 58) were far more complex, and required far greater skill, than any of the issues presented by the individual FLSA claims.

With respect to the fact that the $550 hourly rate previously awarded to Cotiguala in the class case was uncontested and whether that should bear on the court's consideration of an appropriate hourly rate in this case, the Seventh Circuit recently affirmed a district court's decision to "discount[] the probative value" of hourly rates awarded in prior cases where the "rates were based on compromises by the parties." *Montanez v. Simon*, 755 F.3d 547, 554 (7th Cir. 2014). District Judge Pauley in *Fujiwara v. Sushi Yasuda Ltd.*, *supra*, has explained at

length why there is good reason to doubt that unopposed hourly rates awarded as part of class settlements are an accurate proxy for an attorney's actual market rate:

> Often, fee applications are unopposed. Defendants have little concern for what portion of the settlement goes to plaintiffs' counsel. And unlike a securities class action, where the class likely contains sophisticated investors, most FLSA class members are not in a position to object. Those best suited to dispute the fees—the class representatives—would be forced to oppose their own lawyers and in any event are often placated with outsized service awards. The risks presented by class action settlement—and the need for judicial scrutiny—have long been recognized. *See generally Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 744-45 (7th Cir. 2008); *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co. of Chi.*, 834 F.2d 677, 681 (7th Cir. 1987); *Saylor v. Lindsley*, 456 F.2d 896, 900-01 (2d Cir. 1972) (Friendly, J.); Susan P. Koniak & George M. Cohen, *Under Cloak of Settlement*, 82 Va. L. Rev. 1051 (1996); Jonathan R. Macey & Geoffrey P. Miller, *The Plaintiffs' Attorney's Role in Class Action & Derivative Litigation: Economic Analysis & Recommendations for Reform*, 58 U. Chi. L. Rev. 1, 22-26 (1991).
>
> \* \* \*
>
> Orders drafted by counsel, especially those making findings of fact and conclusions of law that award counsel their own fees, should be given little precedential value. By submitting proposed orders masquerading as judicial opinions, and then citing to them in fee applications, the class action bar is in fact creating its own caselaw on the fees it is entitled to. Because Westlaw and Lexis sweep every order of any significance into their databases, these form orders appear as if they were decisions by the judges who signed them. No wonder that "caselaw" is so generous to plaintiffs' attorneys.

2014 WL 5840700, at \*8. The order that awarded Cotiguala a $550 hourly rate likewise approved a class settlement. Judge Pauley's views about how fee awards are litigated by parties and superintended by district courts as part of class settlements are not unique; he rested his analysis in part on the Seventh Circuit's *Thorogood* and *Mars Steel* opinions, and the Seventh Circuit recently and emphatically reiterated its prior observations about how attorney fee awards are at times determined in the context of class settlements. *See Pearson v. NBTY, Inc.*, __ F.3d __, 2014 WL 6466128, at \*2-4 (7th Cir. Nov. 19, 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622, 628-29 (7th Cir. 2014); *Eubank v. Pella Corp.*, 753 F.3d 718, 720-21 (7th Cir. 2014). In the

5

end, all this is beside the point, for even if the magistrate judge had awarded Cotiguala a $550 hourly rate in a contested rather than an uncontested context, this court still would have found that the other two cases, both involving individual claims and both awarding Cotiguala a $450 hourly rate, were far more probative of Cotiguala's actual market rate in this individual FLSA case.

Although it is unnecessary to do so to establish that Cotiguala deserves no more than a $450 hourly rate here, the court notes parenthetically Judge Pauley added that courts in the Southern District of New York—"one of the world's most expensive [legal] markets," *United States v. Donaghy*, 570 F. Supp. 2d 411, 432 (E.D.N.Y. 2007); *see also Woodley v. Bryant*, 2008 WL 1968736, at *1 (S.D.N.Y. Apr. 30, 2008) (noting that "legal counsel is quite expensive" in the Southern District of New York)—"have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." *Fujiwara*, 2014 WL 5840700, at *9. The $450 hourly rate awarded to Cotiguala in this case is at the very top of that range. Judge Pauley also observed that "[r]easonable rates in wage cases for associates with considerably more experience [than an attorney who graduated from law school in 2009] fall in the $250-300 range." *Ibid*. This court awarded Attorney Massatt, a 2008 law graduate, a $300 hourly rate in this case.

In further attacking the $450 rate awarded to Cotiguala, Plaintiffs argue that the court paid insufficient heed to the affidavits submitted with their fee petition. Doc. 168 at 3-4 (citing Doc. 154-1 at 85-91). The court did consider the affidavits, and simply found them unpersuasive on the question of the market rate for attorneys of Cotiguala's experience in individual FSLA cases. 2013 WL 5348323, at *5. On further review, the court continues to find those affidavits unpersuasive. They are conclusory, provide little to no detail, and fail to distinguish class cases

6

from simple individual FLSA cases; indeed, they say nothing about the prevailing market rate in individual FLSA cases. Unlike the district court in *Johnson*, this court did not "make a priori declarations about prevailing market rates" and then find "any affidavits to the contrary [to] be unpersuasive." 668 F.3d at 933. Rather, the court *first* found the affidavits to be unpersuasive and only *then* looked to other materials to determine an appropriate hourly rate. *See Montanez*, 755 F.3d at 553-54 (in affirming the district court's reduction in the attorney's requested hourly rate, noting: "With little record evidence to support the requested rates, the judge looked to the fees awarded in some of the lawyers' previous cases and the publicly available information about rates charged for similar work in the community."); *Small*, 264 F.3d at 708 ("the affidavits submitted by the plaintiffs were 'neutralized' by the evidence submitted by [the defendant] showing that [the plaintiffs' attorney] recently had been awarded rates of $280 and $300 for work in similar cases").

    For the foregoing reasons, Plaintiffs' motion for reconsideration is denied.

December 12, 2014

                                                    United States District Judge